UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRONT RANGE EQUINE RESCUE
2185 NW 114th Loop
Ocala, FL 34475

                       Plaintiff,

      v.

United States Department of the Interior,
1849 C Street, N.W.
Washington, DC 20240,

and

Bureau of Land Management,
1849 C Street, N.W.
Washington, D.C 20240,

                    Defendants.

Civil Action No. 18-3088

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      In 2018, the Bureau of Land Management ("BLM") announced its intention to embark on a radical "research" program, involving a surgical sterilization program of wild horses, in which its contracted veterinarians would perform potentially lethal ovariectomies of mares by a disfavored method of surgery.

2.      When public outcry and litigation made clear the strong societal opposition to the "experiments" to be performed on wild horses, BLM withdrew its plans.

3.      Plaintiff Front Range Equine Rescue ("FRER"), on behalf of its supporters and the public, sought records about the research program from BLM, pursuant to the federal Freedom of Information Act ("FOIA").

1

4.      FOIA is "the most prominent expression of a profound national commitment to ensuring an open Government.  At the heart of that commitment is the idea that accountability is in the interest of the Government and the citizenry alike.  The Freedom of Information Act should be administered with a clear presumption:  In the face of doubt, openness prevails." Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009).

5.      BLM not only did not provide *any* documents in response to FRER's request, but it also has not complied with any of its statutory obligations under FOIA, and has completely abdicated its responsibility under this important law.

6.      After Plaintiff FRER's good faith efforts to get BLM to meet its obligations failed, Plaintiff was forced to file this action to compel BLM to produce documents in compliance with the statutory directive.

7.      FRER brings this action against the U.S. Department of the Interior ("DOI") and the BLM under FOIA and the Declaratory Judgment Act, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B) and the Declaratory Judgment Act, 28 U.S.C. §§ 1331, 2201, and 2202.

9.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).  This civil action is brought against agencies of the United States located in this district. *Id*.  Moreover, on information and belief, this district is where the records at issue in the matter are located, and where the events or omissions giving rise to these claims have occurred.

10.     This Court may review Defendants' actions and order appropriate relief under FOIA.  An actual, justiciable controversy exists between the parties, and the requested relief is therefore proper under 28 U.S.C. § 2201, *et seq.*  This Court also has the authority to award costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

11.     Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, FRER is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now authorized to bring judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

12.     Plaintiff FRER is a 501(c)(3) nonprofit organization incorporated in Colorado. Established in 1997, FRER is dedicated to stopping equine cruelty and the abuse of horses, domestic and wild.  FRER is actively involved in the rescue, rehabilitation, and adoption to good homes of domestic and wild horses, and in educational efforts regarding responsible horse ownership and wild horse issues.  FRER has assisted thousands of horses through its programs.

13.     For over twenty years, one of FRER's primary goals has been to protect wild horses on federal public lands, by ensuring they are not subject to abuse, harassment, eradication, or mismanagement at the hands of the federal agencies charged with ensuring their long-term survival and presence on those lands.

14.     FRER's "Save the Wild Horses" campaign is dedicated to the protection of all wild horses, and includes regular provision of information to the public, as well as partnerships and information exchange with other wild horse groups.

15.     One of FRER's core activities is the rescue and rehabilitation of abused, neglected, and abandoned horses, whether domestic or wild.  FRER puts a substantial amount of its limited resources into this work.

16.     FRER also actively engages in education regarding the safe rehoming of horses who are in need of new homes, and FRER steps into crisis situations such as natural disasters and large animal cruelty rescues, whenever it can.

17.     FRER also has as a primary goal the prevention of horse slaughter for human consumption, and the education of the public about the dangers of horse meat for the public and the environment, as well as the cruelty inherent in horse slaughter operations.

18.     FRER collects and disseminates information for the public regarding actions by BLM or DOI that violate federal or state law, result in improper or inhumane treatment of wild horses, or that represent a change in agency policy on government management of horses on public lands or in long-term holding corrals.

19.     Defendant BLM is a federal governmental agency within the meaning of 5 U.S.C. § 552(f)(1), and is a bureau within the United States Department of the Interior ("DOI").  BLM has possession and control of the records at issue in this case and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

20.     Defendant DOI is an executive department of the United States and an "agency" as defined by 5 U.S.C. § 552(f)(1) that encompasses BLM, and has ultimate responsibility for the administration and implementation of BLM's FOIA determinations.

21.     Defendants have a duty to provide public access to records in their possession consistent with the requirements of FOIA.

## LEGAL FRAMEWORK

### *FREEDOM OF INFORMATION ACT*

22.     The Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, obligates federal agencies to release records to the public in response to specific requests made by members of the public unless one of the statute's limited, enumerated exemptions applies.

23.     By requiring federal agencies to make these disclosures, the FOIA "encourages accountability through transparency, [and] is the most prominent expression of a profound national commitment to ensuring an open Government."  Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 4683 (Jan. 21, 2009).

24.     "The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails."  *Id.*

25.     BLM and DOI are each federal "agencies" as defined by statute, and are subject to FOIA.  5 U.S.C. § 552(f)(1).

26.     In an effort to encourage open government, FOIA imposes strict deadlines on agencies to provide documents responsive to FOIA requests.  *See id.* § 552(a)(6)(A).

27.     FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request, and to immediately notify the person making such request of that determination.  5 U.S.C. § 552(a)(6)(A)(i).  DOI's FOIA regulations are in accord.  43 C.F.R. § 2.16.

28.     That determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency

plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 186 (D.C. Cir. 2013).

29.     An agency may be entitled to one ten-day extension of time to respond to a request if the agency provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time.  5 U.S.C. § 552(a)(6)(B).

30.     An agency's failure to comply with timing requirements is constructive denial and satisfies the requester's requirement to exhaust administrative remedies.  *Id.* § 552(a)(6)(C)(i).

31.     A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records.  *See id.* § 552(a)(4)(B).

## THE ADMINISTRATIVE PROCEDURE ACT

32.     The Administrative Procedure Act, 5 U.S.C. § 500 *et seq*. ("APA"), provides for judicial review of final agency action for persons adversely affected or aggrieved by the agency action.  *Id.* § 702.

33.     The APA requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed," and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id.* §§ 706(1), 706(2)(A).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

34.     Defendants, in coordination and partnership with Colorado State University and the United States Geological Survey ("USGS"), planned to conduct surgical "experiments" on wild mares in the Warm Springs, Oregon Herd Management Area, under BLM's management and control.  16 U.S.C. § 1333.

35.     The "research" would include veterinarians performing "ovariectomy via colpotomy," a disfavored procedure where veterinarians slice open the vagina of wild mares, and then blindly insert an "écraseur" with which they attempt to sever a mare's ovaries without accidentally injuring other organs or tissue that they cannot see.

36.     The planned sterilization program — which has now been abandoned — was purportedly going to help BLM research the potential of spaying wild mares to cull the population of wild horses on public lands.  The name of the study was: "Evaluating behavior, demography, and ecology of spayed (ovariectomized) free-roaming mares" (the "Wild Mare Sterilization Study").[1]

37.     This was not the first failed attempt by BLM to engage in unacceptable surgical experimentation.  In 2016, BLM also proposed research experiments involving three different types of surgical sterilization of wild mares.[2]  The BLM dropped those plans after Plaintiff and others filed litigation alleging the illegal nature of the experimentation.

38.     Because the current 2018 Wild Mare Sterilization Study threatened significant cruel and inhumane treatment of federally protected wild horses and involved violations of multiple federal laws, FRER filed a lawsuit in federal district court against BLM to stop those imminent law violations and the implementation of the Wild Mare Sterilization Study.  *Front Range Equine Rescue v. Zinke, et al.*, Case No. 3:18-cv-01983-MO.[3]  In that action, FRER

---

[1] BLM, Evaluating behavior, demography, and ecology of spayed (ovariectomized) free-roaming mares, available online at https://eplanning.blm.gov/epl-front-office/projects/nepa/107049/150082/184155/Appendix_C_-_USGS_Research_Proposal_Information.pdf.

[2] BLM, Mare Sterilization Research (Jan. 5, 2016), available at https://eplanning.blm.gov/epl-front-office/projects/nepa/56292/67242/73184/MareSterilizationResearchEA_12172015.pdf.

[3] Since BLM has withdrawn the final decision record concerning the Wild Mare Sterilization Study, FRER voluntarily dismissed its action challenging the legality of BLM's decision.  ECF

alleged that BLM's conduct violated the Administrative Procedure Act, 5 U.S.C. § 706, the Wild

Free-Roaming Horses and Burros Act, 16 U.S.C. §1333, and the National Environmental Policy

Act, 42 U.S.C. § 4332.  ECF No. 1, Compl. pp. 30-33 (Sept. 24, 2018).

39.     Before FRER commenced that suit, however, it began a process of gathering

information about the proposed research, by seeking public documents from the participating

public bodies regarding the Wild Mare Sterilization Study and an earlier study involving wild

horse castration.

40.     On July 17, 2018, FRER submitted a FOIA request (the "FOIA Request") to BLM

seeking:

> All Communications, from July 1, 2016 through the present, between BLM and
> USGS regarding the Research Experiment, the Warm Springs EA, ovariectomy via
> colpotomy, management of wild horses in the Warm Springs Herd Management
> Area in Oregon, or research on wild horses;
>
> All Communications, from July 1, 2016 through the present, between BLM and
> CSU regarding the Research Experiment, the Warm Springs EA, ovariectomy via
> colpotomy, management of wild horses in the Warm Springs Herd Management
> Area in Oregon, or research on wild horses; and
>
> All Communications, from July 1, 2016 through the present, between BLM and the
> U.S. Department of the Interior regarding the Research Experiment, the Warm
> Springs EA, ovariectomy via colpotomy, management of wild horses in the Warm
> Springs Herd Management Area in Oregon, or research on wild horses;
>
> Where "Research Experiment" was defined as "the USGS and CSU's proposal
> entitled 'Evaluating behavior, demography, and ecology of spayed
> (ovariectomized) free-roaming mares,'" and "Warm Springs EA" was defined as
> "BLM's draft environmental assessment DOI-BLM-ORWA-B050-
> 2018-0016-EA (Jun. 29, 2018)."

41.     FRER sought a fee waiver in conjunction with its FOIA Request.

---

#15, Stip. Voluntary Dismissal, *Front Range Equine Rescue v. Zinke, et al.*, Case No. 3:18-cv-
01983-MO (Dec. 3, 2018).

42.     FRER expects that the documents requested will show whether BLM had considered and taken a hard look at all potential environmental effects of the Wild Mare Sterilization Study, whether BLM had adequate and experienced research and veterinary teams in place for the experiments, whether BLM's plan would violate the agency's obligations to manage wild horses humanely and at the "minimal feasible level," and other issues concerning the legality of BLM's conduct.  16 U.S.C. §1333; 43 C.F.R. §§ 4700.1(f), 4700.0-2.

43.     The documents requested might also shed light on other agencies' and institutions' participation in the research, and show if all involved had followed all necessary legal requirements in agreeing to participate in the research program.  Such considerations as the level of veterinary care, compliance with statutory and regulatory environmental and research requirements, as well the personnel involved in the planned program, would provide important information for FRER in its desire to understand the program better.

44.     BLM failed to respond at all to the FOIA Request within the twenty-day statutory timeline (by August 6, 2018).

45.     FRER contacted Ryan Witt, official BLM FOIA Coordinator, on August 9, 2018 asking "when [FRER] will receive a response and the records requested …"

46.     FRER contacted Mr. Witt again on August 21, 2018, stating that it "ha[d] not heard anything from BLM in response to a FOIA filed more than 30 days ago."  FRER asked Mr. Witt whether it should "contact someone else at BLM about [its] request" to get a response.

47.     Later that day, FRER also contacted Defendant BLM's office noting that it had not gotten a response from Defendants to three e-mails and asked to be "advise[d] when we will receive the requested records."

48.     During this time, counsel for FRER made multiple calls and left multiple voicemails with BLM attempting to reach the agency regarding the FOIA Request.

49.     On September 24, 2018, FRER sent Defendants its Notice of Failure to Respond to the July 17, 2018 FOIA Request.

50.     On September 25, 2018, FRER received an e-mail from mareid@blm.gov on behalf of "FOIA, BLM_WO," stating:

> Our FOIA office received your FOIA request, dated September 24, 2018.   We have assigned it control number 2018-01303. . . .   We have received your fee waiver request and it will be processed accordingly. . . . . We use Multitrack Processing to process FOIA requests.   . . . The Exceptional/Voluminous track is for requests requiring more than sixty workdays for processing.   . . .   This request falls into the **Exceptional/Voluminous** track.

51.     FRER did not submit a FOIA request on September 24, 2018.

52.     Therefore, on September 25, 2018 FRER responded, correcting Defendants' error and noting that the FOIA Request had been submitted two months earlier, on July 17, 2018.  FRER stated:

> Despite multiple attempts to call and e-mail BLM and its FOIA coordinator, [FRER] received no response for months. . . . The below [September 24, 2018] e-mail from BLM appears to have ignored or tried to look past BLM's statutory failure to respond. . . .  In light of the statutory duty to promptly make records available, and the total lack of explanation for BLM's ignoring this request for months, we expect responsive records to be produced no later than October 5, 2018, as stated in [the September 24, 2018] letter.

53.     No response whatsoever came from BLM at any time regarding the FOIA Request.

54.     FRER made further attempts to secure a response from BLM on October 12, 2018, writing:

> BLM FOIA Officers: Given BLM's failure to timely respond as required by statute and failure to make any records available following our July 17, 2018 FOIA request, and in light of BLM's failure to respond to our previous notice letter, unless BLM is able to provide a date certain when we will

> receive all or substantially all of the requested public records, we will have no alternative but to initiate civil action against BLM.

55.     More than 150 days have passed since FRER submitted its FOIA Request.  Yet Defendants have failed to respond other than one e-mail that did not even include accurate information; and Defendants have failed to produce any records to which FRER is entitled, despite being more than 130 days past their statutorily-required production date.

56.     As of the date of this Complaint, Defendants have failed to (a) notify FRER of any determinations regarding the FOIA Request, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records.

57.     Defendants are in blatant violation of their FOIA obligations, without explanation or justification.

58.     Defendants' violation of their FOIA duties is frustrating FRER's efforts to adequately understand and educate the public regarding research experiments and policy changes within the Department of the Interior concerning wild horse management.

59.     Defendants' conduct amounts to a denial of the FOIA Request.  Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Through the failure of Defendants to respond to FRER's FOIA Request within the time period required by law, FRER has constructively exhausted its administrative remedies and seeks immediate judicial review.  *Id*.

60.     Alternatively, the Administrative Procedure Act provides judicial review of "every final agency action for which there is no other adequate remedy in court." 5 U.S.C. §706.  The APA also requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."  *Id.* § 706(1).

61.     If this Court were to hold that the judicial review provisions of the FOIA are unavailable or inadequate to reach Defendants' violations of law fully, the APA provides that remedial authorization.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT ONE**</u>

(*Violation of FOIA, 5 U.S.C. § 552 — Failure to Search for Responsive Records*)

62.     Plaintiff FRER hereby incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

63.     FRER properly requested records within the possession, custody, and control of Defendants.

64.     Defendants are subject to FOIA, and they must therefore make reasonable efforts to search for requested records.

65.     Defendants' only response, on September 25, 2018, to FRER's FOIA Request did not acknowledge that FRER's FOIA Request was submitted on July 17, 2018, did not acknowledge Defendants' failure to timely respond to the FOIA Requestm and did not acknowledge Defendants' failure to timely search for and make available responsive records.

66.     Defendants did not otherwise respond to FRER's communications and notices regarding the FOIA Request.

67.     In violation of their statutory duties, Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to FRER's FOIA Request.

68.     Defendants' failure to conduct an adequate search for responsive records and to respond to FRER's FOIA Request violates FOIA and agency regulations.

69.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to FRER's FOIA Request.

70.     Plaintiff is also entitled to attorneys' fees incurred in connection with Defendants' FOIA violations.

## <u>COUNT TWO</u>

(*Violation of FOIA, 5 U.S.C. § 552 — Wrongful Withholding of Non-exempt Responsive Records*)

71.     Plaintiff FRER hereby incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

72.     FRER properly requested records within the possession, custody, and control of Defendants.

73.     Defendants are subject to FOIA, and they must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for any withholding of otherwise responsive materials.

74.     One or more of the records responsive to FRER's FOIA Request are not exempt from disclosure.

75.     Defendants are wrongfully withholding non-exempt agency records requested by FRER by failing to produce non-exempt records responsive to the FOIA Request.

76.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce non-exempt records responsive to FRER's FOIA Request.

77.     Plaintiff is also entitled to attorneys' fees incurred in connection with Defendants' FOIA violations.

## COUNT THREE

### (*Violation of the APA*)

78.     Plaintiff FRER hereby incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

79.     FRER has been aggrieved by Defendants' final agency action, namely their failure to act as required by law, and FRER has a right to judicial review of such failure.  5 U.S.C. §§ 702, 704.

80.     The APA authorizes this Court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and to set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

81.     Defendants' failure to respond as required by law to FRER's FOIA Request is agency action unlawfully withheld or unreasonably delayed and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  *Id.*

### RELIEF REQUESTED

Wherefore, FRER respectfully requests that this Honorable Court:

A.     Declare that Defendants have violated FOIA and the APA;

B.     Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to FRER's FOIA Request;

C.     Order Defendants to conduct, immediately following the Court's Order, a search or searches reasonably calculated to identify all records responsive to FRER's FOIA Request;

D.     Order Defendants to produce, immediately following the Court's Order, any and all non-exempt records responsive to FRER's FOIA Request and indexes justifying the withholding of any responsive records under any claimed exemption(s);

E.      Award FRER its costs of this proceeding, including reasonable attorneys' fees and

other litigation costs incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and,

F.      Award FRER any other relief that is just and proper.


Respectfully submitted this 27th day of December, 2018

/s/ *Jeffrey D. Skinner*
Jeffrey D. Skinner, DC Bar No. 494808
jskinner@schiffhardin.com
SCHIFF HARDIN LLP
901 K Street N.W., Suite 700
Washington, D.C. 20001
Telephone:  (202) 778-6400

Bruce A. Wagman, CA Bar No. 159987
(Will seek admission *Pro Hac Vice*)
bwagman@rshc-law.com
Riley Safer Holmes & Cancila, LLP
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone:  (415) 275-8540

Molly L. Wiltshire, IL Bar No. 6310507
(Will seek admission *Pro Hac Vice*)
mwiltshire@schiffhardin.com
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: (312) 258-5500


Attorneys for Plaintiff
FRONT RANGE EQUINE RESCUE